## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MANUEL A. LOPEZ-RIVERA**,
    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL
SECURITY**,
    Defendant.

Civil No. 20-cv-1280 (BJM)

### OPINION & ORDER

    Plaintiff Manuel A. Lopez-Rivera ("Lopez-Rivera") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 1. The parties consented to proceed before me. Dkts. 5, 6. After reviewing the record, I vacated the Commissioner's decision and remanded the case for further administrative proceedings. Dkt. 30. Judgment in the case was entered on January 18, 2022. Dkt. 31.

    On March 28, 2022, Lopez-Rivera's counsel, Anderson Serrano-Serrano ("Serrano-Serrano"), filed a motion for attorney fees in the amount of $5,083.75 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 32. The parties agreed to settle for $4,550 in EAJA attorney fees. Dkts. 33, 34. I granted the motion for attorney fees accordingly. Dkt. 37. Around a year and a half later, on December 9, 2024, Serrano-Serrano filed a motion seeking $18,740 in attorney fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C § 406(b)(1). Dkt. 39. The Commissioner responded, Dkt. 43, and Serrano-Serrano replied, Dkt. 44.

    For the reasons explained below, Serrano-Serrano's motion for attorney fees pursuant to Section 406(b)(1) is **DENIED**.

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and Section 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412. Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

Nonetheless, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, Section 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, Section 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted Section 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under Section 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner

ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, Section 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. Section 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25 percent of the past-due benefits, as there is no presumption that 25 percent is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

Section 406(b) does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "[a]n application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a

timely appeal." Furthermore, District of Puerto Rico Local Rule 9(d)(2) was amended effective on February 28, 2022, to state that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the [a]gency's past-due benefit calculation, stating the amount withheld." *See* 03-MC-115, Dkt. 71-1. Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

### A. Timeliness

The Notice of Award from the Commissioner advising Lopez-Rivera of his past-due benefits and the amount withheld to pay attorney fees was dated March 6, 2024. Dkt. 43-1. Serrano-Serrano claims that he never received the Notice of Award and was only informed of his potential entitlement to 406(b) fees on December 6, 2024. Dkt. 39 at 1-2. Serrano-Serrano filed the current motion that same day. Dkt. 38. The government notes in its response that they were "unable to locate any documentation indicating the March 6, 2024 Notice of Award was mailed to plaintiff's counsel". Dkt. 43 at 2. Serrano-Serrano also provided evidence that he consistently followed-up with the agency for a copy of the Notice of Award. *See* Dkt. 44-1 at 1-7; Dkt. 44-2 at 1-2. The thirty-day filing deadline for attorneys' fees does not start to run until counsel receives the Notice of Award. *See Feliciano v. Comm'r of Soc. Sec.*, Civil No. 18-1992, 2024 U.S. Dist. LEXIS 221531, at *6 (D.P.R. Dec. 6, 2024) (countdown to filing deadline begins upon delivery of an original or amended Notice of Award to counsel). Since Serrano-Serrano never received the Notice of Award, his motion does not run afoul of the thirty-day filing deadline. I also find that, given his repeated attempts to obtain the Notice of Award, the agency's failure to provide it to

him, and the fact that the Notice of Award was ultimately attached to both the response and the reply (Dkts. 43-1, 44-4), it would be unfair to dismiss his motion as unripe. Therefore, I will proceed to evaluate the merits of his fee request.

### B. Fee Amount

In his motion, Serrano-Serrano requests to be paid $18,740 in attorney fees. The agency already paid him $5,883 in Section 406(b) fees, reflecting a $6,000 fee less a $117 service charge. Dkt. 44 at 2; Dkt. 44-4 at 3. 25 percent of Lopez-Rivera's past-due benefits is $24,740 – Serrano-Serrano thus seeks the remainder.

Serrano-Serrano misunderstands how attorney fees are awarded under Section 406(b). He was paid $5,883 because his fee agreement with Lopez-Rivera specified that his fee would equal *the lesser of* 25 percent of Lopez-Rivera's past-due benefits, *or* $6,000. Dkt. 38-3 (emphasis added). As noted in the agency's Notice of Award, Serrano-Serrano "cannot charge [Lopez-Rivera] more than $6,000.00 for [his] work". Dkt. 44-4 at 3. The 25 percent limit is simply a yardstick that courts use to evaluate whether an attorney's charged contingency fee is reasonable, not an amount to which attorneys are entitled to receive. *See Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Serrano-Serrano charged his client a $6,000 contingency fee, which the agency approved. *See* Dkt. 44-4 at 3. Whether a total attorney fee of $24,740 would be reasonable in this case is academic – Serrano-Serrano is only entitled to his $6,000 fee, as agreed with his client.

*Lopez-Rivera v. Comm'r of Soc. Sec.*, Civil. No. 20-1280 (BJM)                                   6

## CONCLUSION

For the foregoing reasons, Serrano-Serrano's petition for additional attorney fees under Section 406(b) is **DENIED**. Since Serrano-Serrano already received attorney fees under Section 406(b), he must return the lesser EAJA fee of $4,550 to Lopez-Rivera.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of February 2025.


S/ *Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge